UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SIERRA BAILEY                                                CIVIL ACTION

VERSUS

RACETRAC PETROLEUM, INC.                      NO. 20-00303-BAJ-RLB

RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 6)** filed by Defendant RaceTrac Petroleum, Inc. ("RaceTrac"). No opposition was filed. For the reasons stated below, Defendant's Motion is **GRANTED**.

I. BACKGROUND

This suit was originally filed in the 19th Judicial District Court, East Baton Rouge Parish and was removed to this Court pursuant to a Notice of Removal (Doc. 1) filed on May 18, 2020. The claim for damages arises out of an August 25, 2018 slip and fall by Plaintiff at Defendant's store located in Baton Rouge, Louisiana. (Doc. 1-2, p. 1). Plaintiff contends that she went to RaceTrac around lunchtime on the day of the fall, intending to purchase an extra-large Hawaiian Punch. (Doc. 6-1, p. 2). After she poured her drink, she placed a lid on it, turned, and fell. (*Id.*). Plaintiff believed she slipped on a wet surface but did not see anything on the floor until after she fell. (*Id.*). Plaintiff assumed it was water because "she was all wet." (Doc. 6-3, p. 7).

Defendant maintains that it is entitled to summary judgment because Plaintiff is unable to prove that an unreasonably dangerous, or any other, condition caused her accident. In the alternative, Defendants argue that Plaintiff is unable to prove

1

that Defendants either created the condition or had actual or constructive notice of the condition which allegedly caused the fall prior to its occurrence, as required by La. R.S. 9:2800.6.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). A party asserting that a fact cannot be genuinely disputed must support the assertion by citing materials in the record, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, [and] interrogatory answers" or that an adverse party cannot produce admissible evidence to support the presence of a genuine dispute. *See* FED. R. CIV. P. 56(c)(1).

"[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation marks and citations omitted). In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor."

*Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

The Court cannot grant summary judgment just because Defendant's motion is unopposed; Defendant must point to the absence of a material factual dispute. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). In deciding if it has done so, the Court views facts and draws reasonable inferences in Plaintiff's favor. *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018). However, because Plaintiff failed to file a response, Defendant's properly supported assertions of fact are undisputed. FED. R. CIV. P. 56(e)(2). The moving party may prevail on summary judgment by pointing out the absence of evidence supporting the nonmoving party's case. *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1328 (5th Cir. 1996).

### III. Analysis

In a diversity action, Louisiana substantive law applies. *See Erie R. Co. v. Thompkins*, 304 U.S. 64 (1938). Louisiana's Merchant Liability Act, La. R.S. § 9:2800.6, establishes a plaintiff's burden of proof in slip and fall incidents on a merchant's premises due to a hazardous condition in or on the premises. In addition to proving that the hazardous condition caused her fall, a plaintiff must establish that:

(1) The condition presented an unreasonable risk of harm to the claimant and that the risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup

3

> or safety procedure is insufficient, alone, to prove failure to exercise reasonable case.

La. Rev. Stat. § 9:2800.6(B).

Plaintiff's failure to prove any one of these required elements will prove fatal to her claim. *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081,1086 (La. 1997).

Because it is dispositive to Plaintiff's claim, the Court shall begin its analysis with La. Rev. Stat. § 9:2800.6(B)(2). Defendant argues that Plaintiff cannot show that an unreasonably dangerous condition existed prior to her fall. Plaintiff does not dispute this argument.

Given that there is no evidence that Defendants created the condition, Plaintiff must prove that Defendants had constructive notice of the hazard. The Louisiana Merchant Liability Act provides that a merchant can be charged with "constructive notice" of a hazardous condition if the plaintiff proves "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. Rev. Stat. § 9:2:800.6(C)(1). "A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." *White*, 699 So.2d at 1085. This standard may be met through direct or circumstantial evidence. *See Perdomo de Lao v. Sam's Club*, 2020 WL 4432280, at *2 (E.D. La. July 31, 2020); *Davenport v. Albertson's, Inc.*, 2000-00685, p. 4 (La. App. 3 Cir. 12/6/00); 774 So. 2d 340, 343.

This burden remains with the plaintiff and never shifts to a defendant to disprove the existence of a hazard. *See White*, 699 So. 2d at 1085. Further, the United

4

States Court of Appeals for the Fifth Circuit noted that "[m]ere speculation or suggestion is not sufficient to meet this burden, and courts will not infer constructive notice for the purposes of summary judgment where the plaintiff's allegations are no more likely than any other potential scenario." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) (citation omitted). This statute is "decidedly pro-defendant" by design. *Welch v. Winn-Dixie Louisiana, Inc.*, 655 So. 2d 309, 314 (La. 1995) (overruled in part on other grounds by *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081 (La. 1997)).

Here, Plaintiff has provided no evidence, circumstantial or otherwise, from which a reasonable factfinder could determine whether water was on the floor for some period of time prior to the fall. Defendant has filed surveillance footage of the area where Plaintiff fell. (Doc. 6-4). The video quality alone is not clear enough to indicate affirmatively whether there was or was not a puddle on the floor. However, several other customers and employees are seen in the area in the approximately twenty minutes before Plaintiff fell. There is no one mopping or cleaning the area, and no wet floor sign. Plaintiff herself turns and walks in the area where she fell at least once before falling. There is no indication that any customer or employee spilled water anywhere in the area, nor is there evidence that anyone was aware of or sought to avoid a hazard on the floor.

Plaintiff alleged that there was water on the floor because her clothes were wet. (Doc. 6-3, p. 7). However, she also readily admitted that she spilled her drink in the fall and that it soaked into her clothes. (*Id*). She also cannot recall whether there

5

was water on the floor before her fall because she "wasn't looking down." (*Id.* at p. 5).

Plaintiff fails as a matter of law to support her claim that Defendants had notice of a hazardous condition that caused or contributed to her fall, as required by § 9:2800.6(B)(2). Louisiana's Merchant Liability Act, *supra*, is exceedingly strict and demands more than mere speculation to support a claim against a merchant. As such, the Court is compelled to grant Defendants' Motion for Summary Judgment.

IV. **Conclusion**

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. 6) is **GRANTED**. The claims by Plaintiff against Defendant are hereby **DISMISSED** with prejudice.

A separate judgment shall issue.

Baton Rouge, Louisiana, this 4th day of May, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**